PER CURIAM.
Relator has instituted an action entitled “Suggestion for Writ of Prohibition”.
Relator alleges that the respondent Circuit Judge has entered a “special judicial order” authorizing the Sheriff or Deputy Sheriff of Bradford County to make the determination of whether a juvenile shall be detained in cases involving special circumstances and an offense the gravity of which would make it inimical to the interest of the child and the public for said child to remain at large for a period of not more than 48 hours without a court order.
Relator contends that the respondent has no jurisdiction to enter such an order, contending that under Rules of Juvenile Procedure, Rule 8.040, the decision of whether a child should be detained is vested exclusively with the intake officer. A reading of the rule however reflects that it *321 contemplates special judicial orders may be entered providing that such decisions may be made by one other than the intake officer.
It is clear, therefore, that under appropriate circumstances Juvenile Procedure Rule 8.040 contemplates that a court of competent jurisdiction may provide for detention decisions to be made by other than the intake officer. We have no knowledge as to the circumstances underlying the order sought to be assailed by the instant proceeding and thus make no judgment as to its correctness. Nor can we do so, since it is not the office of an action in prohibition to test the correctness of orders rendered by a trial court where such orders are within the ambit of the jurisdiction of the trial court.
Accordingly, the suggestion for writ of prohibition not having stated a prima facie case, the same must be and is hereby denied.
SPECTÓR, C. J., and WIGGINTON and JOHNSON, JJ., concur.